# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

QUILLON E MEYER-CLEMMONS,

        Plaintiff,

    v.

MARTHA KARR et al.,

        Defendants.

CASE NO. C11-5603-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: FEBRUARY 24, 2012

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4. Defendants have filed a motion to dismiss the action for failure to exhaust administrative remedies and failure to state a claim (ECF No. 16). Instead of filing a response to the motion, plaintiff has filed a motion to strike, a declaration, and a brief in support of the complaint motion (ECF No. 19, 20, and 21). Plaintiff's motion to strike is untimely and does not comport with Local Rule 7(g). Plaintiff did not timely inform the Court and opposing counsel of the intent to file a motion to strike, as required by Local Rule 7(g). The pleading (ECF No. 20)

will be considered only as a response to defendant's motion to dismiss. Further, the Fed. R. Civ. P. and this Court's Local Rules do not allow for "briefs in support of complaints." Therefore, this filing (ECF No. 21) will not be considered by the Court. The declaration (ECF No. 19) will be considered as part of the response to defendants' motion.

To summarize, plaintiff's claim relating to prison sanitation is unexhausted and should be dismissed. Plaintiff's claim relating to visitation is meritless. The final claim, access to courts, fails because plaintiff does not show any actual injury, however this may be a defect that can be cured. The Court recommends the motion to dismiss be GRANTED. The Court also recommends that plaintiff be given leave to amend regarding his claim that he lacked access to the court. The Court notes that there appears to be at least one companion case. Steele v. Kerr, 11-cv-5793BHS/JRC. A Report and Recommendation to dismiss that action is pending. Mr. Steele did not respond to the motion to dismiss that action. The allegations in the two cases are similar, but not identical.

## FACTS

Plaintiff alleges violation of his First, Fourteenth and Eighth Amendment rights. Plaintiff's first allegation is that a visiting rule that sanctions a person if they have two "no shows" is unconstitutional and violates the Fourteenth Amendment (ECF No. 7, page 5). The sanction is loss of visitation privileges for one month (ECF No. 7, exhibits page 4 of 9). When plaintiff asked for a grievance regarding this issue he was told "Request is past the time allotted to grieve." (ECF No. 7, exhibit page 7). This directly contradicts plaintiff's assertion that he was not allowed to grieve the issue because it was policy. However, he also filed a Kite with Sergeant Miller, who told him the policy was not grievable (ECF No. 7, exhibits page 9).

Plaintiff complains of alleged denial of his First Amendment right of access to courts. Plaintiff claims that jail officials limited him to 150 free copies and limited the amount of free paper an inmate may obtain. The policy states "if more copies are needed you must petition the court or handwrite them out." (ECF No. 7 exhibits page 3). Plaintiff presents several kites where he requests legal copies, but he does not indicate what the alleged legal work is or show any actual denial of access to court (ECF No. 7 exhibits pages 3, 6 through 8, 10, and 16, through 19).

Plaintiff's exhibits regarding plumbing and sanitation are limited to a single kite where he complains that another inmate's waste is "bubbling up in my toilet." (ECF No. 7, exhibits page 9).

Defendants move to dismiss both for failure to exhaust administrative remedies and for failure to state a claim (ECF No. 16). Plaintiff responds and alleges that this policy cannot be grieved (ECF No. 20). Defendants reply and note that plaintiff is well aware of the grievance process and has filed 16 grievances (ECF No. 22). One of the grievances was for failure to provide a pencil, which partially addresses an access to court issue (ECF No. 17, declaration of Pam Lacipierre).

## STANDARDS OF REVIEW AND DISCUSSION

There are two separate standards of review.

A. Exhaustion of Administrative Remedies.

A motion to dismiss for failure to exhaust administrative remedies is an unenumerated 12(b) motion. The burden of pleading and proving failure to exhaust administrative remedies in the civil rights context is normally defendants. The court may consider evidence outside the

pleading without converting the motion to a motion for summary judgment. Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).

The Prison Litigation Reform Act ("PLRA") requires plaintiff to exhaust whatever administrative remedies are available to him prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Plaintiff filed this action while incarcerated; therefore, the act applies to him. See 42 U.S.C. §1997 e (h). The statute defines "prisoner" to include any person confined in a facility for a violation of criminal laws, including persons accused of or convicted of crimes.

Having determined that the Act applies to plaintiff, it is clear that he did not exhaust his available remedies with regard to the sanitation issue. Defendants place before the Court the declaration of Pam Lacipierrie, who outlines the 16 grievances that plaintiff has pursued (ECF No. 17). Plaintiff argues that he has trouble getting grievance forms. The record belies his assertion. Plaintiff clearly could have raised his sanitation issues.

Plaintiff points to kites he has filed. An informal kite is not a grievance. Simply filing a kite does not exhaust the process unless the plaintiff is told they cannot file a grievance. The Court recommends that the claim relating to prison sanitation be dismissed without prejudice so that plaintiff may exhaust his claims through the prison grievance process. Until this claim is exhausted, it can not be maintained in federal court.

The other two claims -- access to court and visitation -- touch on the propriety of a jail policy. Plaintiff alleges that he cannot grieve policy and he provides some evidence supporting

that position (ECF No. 7, exhibits page 9). The motion to dismiss these two claims for failure to exhaust should be denied without prejudice.

B.  Failure to state a claim.

The Court considers a motion to dismiss for failure to state a claim under a different standard of review. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) provides that a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 545. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that: (l) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an

alleged wrong only if both of these elements are present. <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). Pursuant to 28 U.S.C. § 1915(e), the court must dismiss an in forma pauperis complaint when said complaint is frivolous or fails to state a claim. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*citing* <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998)). The court liberally construes a pro se pleading but cannot supply facts to a complaint. <u>Pena v. Gardner</u>, 976 F.2d 469 (9th Cir. 1992).

1. Visitation.

Plaintiff alleges a Fourteenth Amendment Due process violation because he lost visitation privileges. Plaintiff has no constitutional right to in-person contact visitation and a complete denial of contact visitation does not violate the Fourteenth Amendment. <u>Block v. Rutherford</u>, 468 U.S. 576, 586-8 (1984). Further, jail policy does not create a liberty or property interest as the policy spells out that the privilege will be lost for one month if visitors do not show up twice. This issue fails to state a claim and should be dismissed with prejudice.

In the alternative, plaintiff's exhibits evidence that the jail policy provides for notice and an opportunity to appeal if the visitation the sanction is imposed (ECF No. 7, exhibit page 5). This opportunity to appeal the sanction provides due process to the offender if he believes the sanction is not appropriate. Plaintiff's visitation issue fails to state a claim. The Court recommends dismissal of this claim with prejudice for failure to state a claim.

2. Access to court.

Plaintiff alleges jail policy which allows for 150 free copies and 650 free pieces of paper violates his right to access to courts under the First Amendment. Plaintiff provides exhibits showing his requesting copies and paper being told he has reached his limit (ECF No. 7, exhibits,

| 1 | page 6, 7, 8, 10, 16, 17, 18, 19). Plaintiff is told in the final exhibit that if he needs additional
| 2 | supplies he needs to petition the courts (ECF No. 7, exhibit 19).

The right of access to courts does not create a free standing right to any specific item such as a library, paper or copies. It does, however, create an obligation that prison officials provide the items necessary to ensure an inmate or offender has the ability to challenge either a conviction, or conditions of confinement. The due process clause of the United States Constitution guarantees prisoners the right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). In Bounds, the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. Id. at 828. In Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. Id. at 349. An actual injury consists of some specific instance in which an inmate was actually denied meaningful access to the courts. Lewis, 518 U.S. at 350–55 (1996).

Plaintiff here fails to allege a specific instance where he was unable to file a non frivolous action. The court liberally construes a pro se pleading but cannot supply facts to a complaint. Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992).

While the plaintiff has failed to plead these facts, this is a defect that could be cured by amendment. The Court therefore recommends that the motion to dismiss be GRANTED, but that plaintiff be given thirty days to file an amended complaint if he can plead facts showing a specific instance in which he was actually denied meaningful access to the courts. Plaintiff would need to show a cause or case he could not pursue or an instance where he was unable to

respond to a motion or court order. That action would have to relate to either his conviction or sentence of the conditions of confinement. Lewis v. Casey, 518 U.S. 343, 350-55 (1996),

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on February 24, 2012, as noted in the caption.

Dated this 3rd day February, 2012.

J. Richard Creatura
United States Magistrate Judge